United States District Court
Middle District of Florida
Orlando Division

**CORNELIUS TILLMAN,**

   *Plaintiff,*

v.                                                 NO. 6:24-cv-2286-CEM-UAM

**STANLEY BLACK & DECKER CORPORATION,**

   *Defendant.*

___

## Order

The plaintiff moves for entry of default against the defendant. Doc. 11. He declares under penalty of perjury that he "personally served" the summons on the defendant and provides a copy of a United States Postal Service receipt with an address to "Stanley Black and Decker," care of "Donald Allen, Jr." at "1000 Stanley Dr., New Britain, CT 06053," and a February 7, 2025, signature of "G. Felix." Doc. 10.

To obtain default, a plaintiff must show the defendant has failed to appear after proper service of process (the summons and the complaint) on the defendant. *See* Fed. R. Civ. P. 55(a) ("Entering a Default").

Rule 4, Federal Rules of Civil Procedure, governs service of process. Under that rule, "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Because a party may not serve process, a

plaintiff usually appoints a commercial process server to serve process for a fee. A plaintiff can also ask a party to waive service of process by following the rule's requirements for waiver. Fed. R. Civ. P. 4(d).

> Rule 4 explains how to serve process on a corporation:
>
> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>>
>> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). The rule's reference to "any other agent authorized by appointment or by law" is to, for example, a registered agent. In Florida, a corporation's registered agent can be determined from Florida's Division of Corporations website, https://dos.fl.gov/sunbiz/search/. The rule's reference to Rule 4(e)(1) is to the rule on serving an individual:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1). Under Florida law, "A domestic corporation or registered foreign corporation may be served with process required or authorized by law by service on its registered agent[.]" Fla. Stat. § 48.081(2).

"Delivering" is not accomplished by "mailing." *See Johnson v. Champions*, No. 12-0334-WS-M, 2013 WL 275957, at *1 (S.D. Ala. Jan. 24, 2013) (holding that the plaintiffs failed to perfect service of process on a defendant by mailing process to him by certified mail; explaining that "mailing" and "delivering" are different terms with different meanings; citing cases). The summons is intended to inform a defendant that a lawsuit has been filed against the defendant and that the defendant must respond within a limited period. Mailing is insufficient to effectuate that purpose. Moreover, a defendant's actual notice is insufficient to cure defectively executed service. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Within twenty-one days after service of a summons and complaint, a party must file proof of service." Local Rule 1.10(a).

The plaintiff in this action fails to show proper service of process. The plaintiff himself cannot serve process, and mailing process to the defendant's officer—even by certified mail—is insufficient. That someone signed for certified mail does not cure defective service of process. Without a showing that

3

the defendant has failed to appear after proper service of process, the motion, Doc. 11, is **denied without prejudice**.

The plaintiff filed the complaint on December 16, 2024. Doc. 1. He has until March 17, 2025, to properly serve the defendant with process or move the Court for more time.

The Court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program through which unrepresented litigants may obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (407) 835-4200 or schedule an appointment on the Court's website (www.flmd.uscourts.gov/legal-information-program).

**Ordered** in Jacksonville, Florida, on March 10, 2025.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Cornelius Tillman
     2338 Shenandoah Rd. NE-B
     Palm Bay, FL 32905

4